Opinion filed May 7, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 7, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00252-CV

                                                    __________

 

                                         BOBBY LUCKY, Appellant

 

                                                             V.

 

                         KITCHEN
CAPTAIN HAINES ET AL, Appellees

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 45787-A

 



 

                                              M E
M O R A N D U M   O P I N I O N

In
2003, Bobby Lucky sued Kitchen Captain Haines, Kitchen Sergeant Jane/John Doe,
Infirmary Nurse(s) Jane/John Doe, Physician Nafrauri, Lannette Linthicum, Correctional
Officer J. Lopez, Sergeant Hogg, Lieutenant J. Stewards, and Major Jane/John
Doe (all employees at the John Middleton Unit of the Texas Department of
Criminal Justice, Institutional Division).  Lucky alleged gross and common law
negligence that resulted in his digestion of contaminated food in the chow
hall.  Lucky sought a total of $4,500,000 in damages plus attorney=s fees.  Lucky amended his
petition in 2005 with additional factual allegations to support his claims.








In
April 2007, Lucky=s
claims as to Haines were dismissed.  On September 3, 2008, the trial court
signed an order dismissing Lucky=s
remaining claims.  We affirm.

On
appeal, Lucky argues that the trial court erred in dismissing his claims without
allowing him adequate and sufficient opportunity to clarify his claims, that
the trial court ignored and refused to review his pro se notice of settlement,
that his confinement and his medical condition did not allow him sufficient
time to prepare his claims, and that the physician named as defendant was
liable for his injuries.  The State responds by pointing out that Lucky failed
to comply with the requirements of Tex.
Civ. Prac. & Rem. Code Ann. '
14.004 (Vernon 2002).  Lucky has filed an amendment to brief contending that
the trial court neither reviewed his case pursuant to Tex. Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (Vernon 2002) nor allowed him
the opportunity to amend his claims.

The
record before this court reflects that the trial court did not abuse its
discretion.  Lucky failed to comply with Sections 14.004 and 14.005.  The trial
court was not required to conduct a hearing prior to dismissal.  Section
14.008.  Moreover, we note that Lucky=s
suit was pending for five years before it was dismissed.  The record does not
support Lucky=s claims
that he was denied the opportunity to pursue his claims.  All of Lucky=s arguments have been
considered, and each is overruled.

The
order of the trial court is affirmed.

 

PER CURIAM

 

May 7, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.